ANTOINE LACOUR *v.* CAMILLE LOUIS LANDRY.

A purchaser, disquieted in his possession by a third person's setting up title to the land, of whose claims he was uninformed before the sale, may withhold the price until quieted in his possession, unless the vendor prefer to give security. C. C. 2535.

APPEAL from the District Court of Iberville, *Deblieux, J.*

*Labauve,* for the appellant.

*Edwards,* for the defendant.

BULLARD, J. Lacour, the appellant, sold to Landry, a plantation, situated partly in the parish of Iberville, and partly in that of West Baton Rouge. At the time of the sale, it appears .that two suits were pending in the latter parish, instituted by the vendor against Trahan and Valère, who were encroaching on his land, and disturbing his possession. It does not appear that the existence of these suits was known to the purchaser, Landry, at the time of the sale. After the sale they were dismissed, by order of Lacour; and the same persons continuing to interfere with Landry's possession, and to disturb him, he instituted suits against them and others, and called on his vendor to assist him as warrantor, in making good his title.

In the meantime, the vendor sued out an order of seizure and sale on the mortgage and vendor's privilege, to obtain a part of the price which had become due. Landry procured an injunction to stay the proceedings, on alleging the facts above set forth, which was maintained, provisionally, until the pending suits shall have been decided. Lacour has appealed.

Lacour cannot complain, if we take his own statement for the nature and extent of the disturbance which induced him to bring

the first suits, and which were dismissed after his sale to Landry. In his petition, in the case of *Lacour* v. *Trahan*, he complains, not only that the defendant had committed trespass on his land, but that he had slandered his title; and he concludes by praying that the defendant may be compelled to produce his title, and that his own title may be decreed to be good, and that he may be quieted in his possession. This is essentially a petitory action.

The primary obligation of the vendor is to maintain the buyer in quiet possession of the thing sold; and if the latter be disquieted, he has a right to withhold payment of the price, unless the vendor prefers giving security. Civil Code, art. 2535.

When the purchaser is obliged to commence judicial proceedings against a person disturbing his possession, he is bound to notify his vendor of the action he is commencing; and, in case of condemnation, the vendor will be obliged to indemnify him. Ib. 2495.

The court, therefore, did not err in maintaining the injunction.

*Judgment affirmed.*